**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

ONEAL JOHNSON

    Plaintiff,

       v.

ED MINIAT HOLDINGS AND SOUTH
CHICAGO PARKING

    Defendants.

Case No.: 1:18-CV-02865

Judge Rebecca R. Pallmeyer

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, MINIAT HOLDINGS, LLC (improperly named EdMiniat Holdings in the Complaint) AND SOUTH CHICAGO PACKING, LLC (improperly named South Chicago Packing in the Complaint) (collectively, the "Defendants"), by and through their attorney, Stephanie A. Cantrell, submits the following Reply in Support of their Motion to Dismiss:

## INTRODUCTION

Defendants filed a Motion to Dismiss all claims against Defendant "Edminiat Holdings" under FRCP 12(b)(6) for failure to exhaust administrative remedies and against South Chicago Packing LLC for failure to comply with the statute of limitations. The basis for the motion was clear: Plaintiff only filed an EEOC charge with respect to South Chicago Packing and not Edminiat Holdings. In his response, Plaintiff asserts that "Edminiat Holdings" owns South Chicago Packing and are presumably therefore one in the same. This is false.

First, there is no legal entity "Edminiat Holdings." There is an entity known as "Miniat Holdings, LLC" and there is an entity known as "Ed Miniat, LLC." It is unclear from Plaintiff's complaint and his response brief whether he intends to include either entity as a defendant in this

case. Furthermore, neither entity "owns" South Chicago Packing as he has suggested; each are a separate and distinct legal entity. However, Plaintiff's incorrect assertion that "Edminiat Holdings" owns South Chicago Packing is irrelevant. What is relevant is that the law makes it clear that this Court does not have jurisdiction over a claim because Plaintiff did not file an EEOC charge against Edminiat Holdings, Miniat Holdings, LLC or Ed Miniat, LLC. The only charge filed was against South Chicago Packing, a separate and distinct organization.

In addition, all claims against South Chicago Packing should be dismissed because Plaintiff failed to file his complaint within the statute of limitations. Plaintiff makes several salacious and false assertions against both Defendant and defense counsel in his Response brief. However, as further outlined below, a review of the record supports Defendants' position that Plaintiff did not timely file his amended complaint. For those reasons, Plaintiff's complaint against both Defendants should be dismissed.


I.     **CLAIMS AGAINST EDMINIAT HOLDINGS ARE OUTSIDE THE SCOPE OF PLAINTIFF'S EEOC CHARGE AND SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION**

It is well settled that a plaintiff may not bring claims in a civil action that are beyond the scope of the charge filed with the administrative agency. In Illinois, a plaintiff may only bring claims in federal court under the Americans with Disabilities Act after he has exhausted his administrative remedies as to those claims. *See, Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("In Illinois, an employee may sue under the ADEA or ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged "unlawful employment practice" citing *Hamilton v. Komatsu Dresser Indus*, 964 F.2d 600, 603 (7th Cir. 1992).

In this case, it is clear that Plaintiff never filed a charge of discrimination under the ADA, or any other statute, against Ed Miniat Holdings, LLC. The only charge filed, and in fact, the one that was attached to the Complaint, was the Charge filed against "South Chicago Packing." Then, in filing his federal complaint, Plaintiff arbitrarily named "Edminiat Holdings" as a Defendant in his Complaint; an entity which doesn't exist and without any prior administrative charge having been filed against such entity.

Of course, *pro se* litigants are afforded more liberal standards. In fact, Plaintiff's EEOC Charge was against South Chicago Packing and the correct legal entity is South Chicago Packing, LLC. While the name is once again incorrect, it can be reasonably assumed that he intended to name his employer, South Chicago Packing, LLC, in both the Charge and the Complaint. It is not reasonable to assume that Plaintiff also meant to include an unrelated entity with a completely dissimilar name.

Even assuming the facts most favorable to the plaintiff, it remains that he can plead no set of facts to show that he exhausted his administrative remedies and the allegations discrimination against "Edminiat Holdings" must be dismissed under Rule 12(b)(6) for failure to state a claim.

II.     **PLAINTIFF'S CLAIMS OF DISCRIMINATION AGAINST SOUTH CHICAGO PACKING, LLC SHOULD BE DISMISSED UNDER RULE 12(b)(6) AS THEY ARE TIME BARRED BY THE STATUTE OF <u>LIMITATIONS</u>**

As outlined in Defendants' Motion to Dismiss, Plaintiff had 90 days following receipt of the EEOC Notice, or until approximately May 22, 2018, to file suit in federal court. In fact, he filed his initial Complaint on April 23, 2018. However, when Plaintiff withdrew his complaint on June 14, 2018, the Court granted him 60 days to reinstate his Complaint without leave of Court,

noting specifically that "Thereafter, Plaintiff is free to seek reinstatement of his case, but is warned that the statute of limitations may bar him from proceeding further." (Docket #10). Plaintiff argues in his Response and accompanying Memorandum that the issue to be decided is whether his filing on August 13, 2018 was timely and therefore within the statute of limitations.

Assuming, *arguendo*, that Plaintiff is correct in that his filing on August 13, 2018 constituted his request to the Court to have his complaint reinstated, his case remained closed. In fact, the Court entered a minute entry on September 6, 2018 stating that the case was closed and that Plaintiff must seek leave to reinstate the case before the filing fee is paid. This is not "trickery" by defense counsel nor an attempt by counsel to mislead the Court or the Plaintiff. The docket is clear that this Court did not grant Plaintiff's motion to reinstate this case until September 7, 2019. In addition, Plaintiff claims that defense counsel made false statements to the court in the Motion to Dismiss when stating that Plaintiff re-filed his Complaint on September 18, 2018. This is false. No false statements were made to the Court. The Defendants' arguments are based on the docket, specifically Docket # 24 which is stamped "FILED" by the Clerk and dated September 18, 2018.

Notwithstanding any of the foregoing confusion regarding whether or not Plaintiff attempted to reinstate his case on August 13, 2018, it remains that Plaintiff's complaint is barred by the statute of limitations. Even assuming that Plaintiff's motion to reinstate on August 13, 2018, was valid, the statute of limitations to bring suit under the ADA ran 90 days after Plaintiff received his Right to Sue Notice from the EEOC, or May 22, 2018. Federal district courts are without any statutory authority to extend this statutory limitations period. "The filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." *Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Circ. 1987).*

Although Plaintiff was free to withdraw his complaint and re-file it, he was still subject to the same 90-day statutory period to re-file his claim. Regardless of whether he re-filed on August 13, 2018 as he claims (despite the Court not reopening the case and instructing him to pay the filing fee and seek leave of Court), Plaintiff could only re-file his complaint as long as he remained within the original limitations period. See, *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395–96 (7th Cir.1989) (refiling a complaint after a Rule 41(a)(1) dismissal requires a new docket fee and compliance with the statute of limitations); *McCall–Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir.1985). This means that when Plaintiff withdrew his Complaint on June 14, 2018, the statute of limitations period had already run.

Plaintiff should have been barred from reinstating his Complaint after the applicable statute of limitations as there is no authority for federal courts to extend a statutory limitations period. The Court seems to give an exception to this rule by issuing an order that allowed Plaintiff to re-file within 60 days of his withdrawal on June 14, 2018. However, the filing on August 13, 2018 was a) outside the original statutory limitations period; b) did not result in the case being reopened or his Complaint being re-filed.

For all of the above reasons, Plaintiff's Complaint is untimely and should be dismissed for lack of jurisdiction.

## CONCLUSION

Because Plaintiff's claims against Edminiat Holdings in the Complaint were not included in the September 21, 2017 EEOC Charge, Defendant Miniat Holdings, LLC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) as Plaintiff has not exhausted his administrative remedies prior to filing suit. Further, Plaintiff's failure to comply with the statute of limitations

for filing a complaint in federal court pursuant to the EEOC's Dismissal and Right to Sue Notice require a dismissal of the Complaint as to Defendant South Chicago Packing, LLC.

WHEREFORE for all of the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted:

**SOUTH CHICAGO PACKING, LLC
and MINIAT HOLDINGS, LLC**

BY: _____
       Stephanie A. Cantrell
       Their Attorney

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 5230
Chicago, Illinois 60606
(312) 831-1090
stephanie.cantrell1@sdc-atty.com
Attorney No: 6228963